UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-217-RJC

| TERRANCE BELL, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| SAMI HASSAN, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on a Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by Defendant Sam Hassan (Doc. No. 22), and on Plaintiff's Motion to Appoint Counsel, (Doc. No. 26). On November 11, 2012, this Court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and concluded that Plaintiff's allegations of an Eighth Amendment violation based on deliberate indifference to serious medical needs against Defendant Hassan survived initial review. (Doc. No. 15). The standard of review for dismissal under 28 U.S.C. § 1915(e)(2) is the same as the standard under Rule 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Therefore, the Court has already determined that Plaintiff has sufficiently stated a claim under Rule 12(b)(6) against Defendant Hassan for an Eighth Amendment violation. Defendant's motion to dismiss is denied for the reasons stated in the Court's prior Order.

Next, in support of his motion to appoint counsel, Plaintiff states that the issues in this case are complex, that he has no access to a law library, that he cannot afford counsel, and that he has a limited knowledge of the law. (Doc. No. 26 at 1). There is no absolute right to the

appointment of counsel in civil actions such as this one.  Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel.  <u>Miller v. Simmons</u>, 814 F.2d 962, 966 (4th Cir. 1987).  Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel.  Therefore, Plaintiff's Motion to Appoint Counsel will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Hassan's Motion to Dismiss, (Doc. No. 22), is **DENIED**.
2. Plaintiff's Motion to Appoint Counsel, (Doc. No. 26), is **DENIED**.
3. The Court will enter a Pretrial Order and Case Management Plan so that discovery may commence in this matter.

Signed: May 17, 2013

Robert J. Conrad, Jr.
Chief United States District Judge