UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-217-RJC

| TERRANCE BELL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | ORDER |
|  | ) |  |
| SAMI HASSAN, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel, (Doc. No. 39), Plaintiff's Motion for Request for Production of Documents, (Doc. No. 41), and Defendant's Motion to Seal, (Doc. No. 43).

The Court first addresses Plaintiff's motion for request for production of documents, in which Petitioner seeks various discovery from Defendant. The motion will be denied as non-justiciable, as discovery requests are to be submitted to a party, not to the Court. Moreover, discovery has ended, and Defendant's motion for summary judgment is pending before the Court. Next, as to Plaintiff's motion to compel discovery, Plaintiff complains that Defendant did not properly respond to his various discovery requests, including requests for admission and interrogatories. Defendant has submitted a response to the motion to compel, showing that Defendant properly either responded Plaintiff's discovery requests or appropriately filed objections to the discovery requests.[1] Thus, the motion to compel will be denied.

---

[1] Furthermore, Plaintiff did not provide along with the motion to compel a certification that a good-faith effort had been made to resolve the discovery dispute without judicial intervention in

1

Next, Defendant Dr. Sami Hassan, M.D. ("Dr. Hassan") is seeking an order permanently sealing the pertinent North Carolina Department of Public Safety, Division of Adult Correction ("DAC") health care records upon which Dr. Hassan intends to rely in support of Dr. Hassan's motion for summary judgment, and for a protective order regarding the same in compliance with the Health Insurance and Portability and Accountability Act of 1996, U.S. P.L. 101-191 (Aug. 21, 1996) and 45 C.F.R. § 164.508. The documents for which Dr. Hassan requests filing under permanent seal consist of pertinent portions of DAC health care records regarding Plaintiff during Plaintiff's incarceration by DAC at Lanesboro Correctional Institution. The records at issue have been bates-stamped and submitted to the Court for in camera review pursuant to this Court's Local Rule 6.1(D) and Section II.A.11 of the Administrative Procedure Governing Filing and Service by Electronic Means (revised Jan. 1, 2012) of the United States District Court for the Western District of North Carolina.

When deciding whether to seal judicial documents or proceedings, a court must comply with certain procedural and substantive requirements. As to the substantive requirements, the public has rights of access to judicial records under both the common law and the First Amendment. Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir.1988). Under common law, there is a presumption of access to judicial records, which may be "rebutted if countervailing interests heavily outweigh the public interests in access." Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). The First Amendment right of access, however, only attaches to certain judicial records and documents. Stone, 855 F.2d at 180. If the First Amendment right of access applies to a judicial document, the public's "access may be denied only on the basis of a compelling governmental interest, only if the denial is narrowly

---

accordance with Rule 37 of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 37(a).

tailored to serve that interest." Id. Thus, before sealing a document, a court must first determine the source of the public's right to access the document, and the court must then weigh the appropriate interests.

When a party has filed a motion to seal, the court must give the public notice of a request to seal and a reasonable opportunity to challenge it. Stone, 855 F.2d at 181 (citing In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984)). Such notice may be accomplished by docketing a motion to seal "reasonably in advance of deciding the issue." Id. A court "must consider less drastic alternatives to sealing, and if it decides to seal documents, must 'state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review.'" Id. (quoting In re Knight, 743 F.2d at 235).

The Court first notes that the motion to seal was filed on November 22, 2013, and there have been no objections. As noted, Dr. Hassan argues that sealing the relevant documents is appropriate in light of the privacy provisions of the Health Insurance and Portability and Accountability Act of 1996, U.S. P.L. 101-191 (Aug. 21, 1996) and 45 C.F.R. § 164.508. After consideration of all matters pertinent to Dr. Hassan's motion, including weighing all competing interests regarding potentially sealing the proposed material; and after considering the proposed material to be sealed, the Court finds that disclosure of the pertinent DAC health care records is appropriate in light of Plaintiff's claims that Dr. Hassan violated Plaintiff's constitutional rights by alleged deliberate indifference to Plaintiff's alleged serious medical needs. Dr. Hassan's need to disclose the health care records at issue outweighs any potential injury to Plaintiff in that Plaintiff instituted this civil action against Dr. Hassan based on Dr. Hassan's health care services rendered to Plaintiff, and the health care records are necessary for Dr. Hassan to defend himself.

Plaintiff's interest in the privacy of the health care records at issue overcomes any common law, First Amendment, or other legal presumption to public access to the health care records at question. Dr. Hassan's interest in maintaining the confidentiality of the pertinent DAC health care records pertaining to his former patient likewise overcomes any common law, First Amendment, or other legal presumption to public access to the health care records in question. Sealing the health care records is justified based on the balance of competing interests in access to the aforementioned health care records, as well as the specific qualities of the materials at issue (health care records), which are of a private, sensitive, and confidential nature.[2] There are no adequate alternatives to permanently sealing the aforementioned health care records. In order to defend himself against Plaintiff's allegations, Dr. Hassan needs to rely on the aforementioned health care records. Based on the nature of the proposed material to be sealed and the manner in which Dr. Hassan intends to use it in support of his motion for summary judgment, it would not be appropriate to excise only certain portions of the aforementioned health care records. Likewise, due to the procedural posture of this matter, a judicial admonition or limiting instruction is not an available alternative to sealing the proposed material. Furthermore, sealing

---

[2] HIPAA and its regulations generally require "covered entities" to obtain patient authorization before disclosing protected health information. See 45 C.F.R. § 164.508. However, there are exceptions to the prohibition on releasing a patient's protected health information, including the disclosure of records in judicial proceedings. Id. § 164.512(e). Specifically, HIPAA regulations provide that "covered entities" such as care providers may disclose protected medical records without patient consent: (1) in response to a court order, provided only the information specified in the court order is disclosed; or (2) in response to a subpoena or discovery request if the health care provider receives adequate assurance that the individual whose records are requested has been given sufficient notice of the request, or if reasonable efforts have been made to secure a protective order. Id. § 164.512(e)(1)(i), (ii). The Court notes that a confidentiality order has been entered in this action as to certain records, including Plaintiff's medical records. See (Doc. No. 37). Defendant, therefore, appears to have satisfied the HIPAA requirements for disclosure. Defendant has apparently, however, filed the motion to seal out of an abundance of caution so as not to run afoul of HIPAA and its regulations.

the proposed material is the only available option given the ease of online electronic public access to unsealed documents filed with the Court. In sum the Court finds that Defendant has met the burden for sealing the records at issue, and the Court enters the following order:

(1) The parties to this action and their counsel shall maintain the confidentiality of the aforementioned health care records and restrict use and release of such health care records to solely the purposes of this litigation and as may be further authorized by this court or as otherwise permissible under federal law.

(2) The aforementioned health care records submitted into evidence in this litigation shall be permanently sealed and not available for public scrutiny.

(3) Except as otherwise required by law or order of a court of competent jurisdiction, including applicable rules of professional responsibility, the parties to this action shall destroy all copies of the aforementioned health care records within thirty (30) days of the final conclusion of this case.

**IT IS, THEREFORE ORDERED** that

(1) Plaintiff's Motion to Compel Discovery, (Doc. No. 39), and Plaintiff's Motion for Request for Production of Documents, (Doc. No. 41), are **DENIED**.

(2) Defendant's Motion to Seal, (Doc. No. 43), is **GRANTED** in accordance with this order. The Clerk of this Court is directed to seal the documents attached as exhibits to Docket No. 45.

Signed: August 15, 2014

Robert J. Conrad, Jr.
United States District Judge